1 | DAVID E.MCALLISTER (CA SBN 185831)
CHRISTOPHER L. PETERSON(CA SBN 215069)
2 | ELLEN CHA (CA SBN 250243)
PITE DUNCAN, LLP
3 | 4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17933
4 | SAN DIEGO, CA 92177-0933
Telephone: (858) 750-7600
5 | Facsimile:  (619) 326-2430

6 | Attorneys for Defendants CITIMORTGAGE, INC. AND FEDERAL HOME LOAN
MORTGAGE CORPORATION
7

**UNITED STATES BANKRUPTCY COURT**
8
**NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION**
9

| | |
|---|---|
| IN RE:<br>DAVID RANDALL SMITH,<br><br>DEBTOR.<br>_____ | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>Adversary Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE INC; FEDERAL HOME<br>LOAN MORTGAGE CORPORATION; and<br>all persons claiming by, through, or under such<br>person, all persons unknown, claiming any<br>legal or equitable right, title, lien, or interests<br>in the property described in the complaint<br>adverse to Plaintiff's title thereto; and DOES<br>10-150, Inclusive,.<br>_____<br><br>.<br><br>I. | **CITIMORTGAGE, INC. AND<br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION'S MEMORANDUM<br>OF POINTS AND AUTHORITIES IN<br>SUPPORT OF MOTION TO DISMISS<br>ADVERSARY COMPLAINT FOR<br>FAILURE TO STATE A CLAIM UPON<br>WHICH RELIEF CAN BE GRANTED**<br><br>**Hearing:**<br>**Date:   June 23, 2011**<br>**Time: 3:00 p.m.**<br>**Crtm: 3020**<br>**Judge: Hon. Arthur S. Weissbrodt** |

Defendants CITIMORTGAGE, INC. ("Citi") and FEDERAL HOME LOAN MORTGAGE

CORPORATION ("FHLMC") (hereinafter collectively "Defendants") submits their Memorandum

of Points and Authorities in support of the Motion to Dismiss Adversary Complaint for Failure to

State Claims Upon Which Relief Can Be Granted.

.

I.                                          -ii-

# TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT..................................................................-2-

II.    STATEMENT OF FACTS.................................................................-2-

III.   ARGUMENT.....................................................................................-5-

A.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.........................................-5-

  1. Legal Standard..........................................................................-5-

  2. Plaintiff's First and Second Claims for Declaratory Relief Fail to State Claims Upon Which Relief Can Be Granted.....................................................-7-

    a. Citi Qualifies as the Note Holder under California Commercial Code and Has Standing to Enforce the Note.......................................................... -8-

    b.  The Beneficial Interest in the Deed of Trust Necessarily Follows the Note...............-10-

    c. Plaintiff's MERS Argument Lacks Merit......................................................-10-

    d. Plaintiff is not a party to any trust Agreement and therefore lacks standing the enforce or challenge the validity of the terms and provisions therein.........................................-12-

    e. Plaintiff's Complaints fails to assert any substantive claims to support his request for Declaratory Relief........................................................................-13-

  3. Plaintiff's Third Claim for Relief for Violation of 15 U.S.C. §1641(g) Fails as a Matter of Law..............................................................................-13-

  4. Plaintiff's Fourth Claim For Fraud In Conveyance Fails to State a Claim Upon Which Relief Can be Granted.......................................................................-14-

  5. Plaintiff's Fifth Claim for Libel Fails to State a Claim Upon Which Relief Can be Granted for Failure to Prove a False Statement of Fact................................................-15-

  6. Plaintiff's Sixth Claim for Quiet Title Fails to State a Claim Upon Which Relief Can be Granted For Failure to Allege Tender..........................................................-15-

IV.    CONCLUSION.................................................................................-16-

**Cases**

Alturas v. Superior Court, 231 Cal. App. 3d 1617, 1623 (1991)....................-7-

Ashcroft v. Iqbal, 129 S. Ct. at 1949....................-6-

Ashcroft v. Iqbal 129 S.Ct. 1937. 1950 (2009)....................-7-

Balisteri v. Pacifica Police Dept., 901 F.2d. 696, 699 (9th Cir. 1990)....................-5-

Batt v. City and Cty of San Francisco, 155 Cal. App. 4th 65, 82 (2007)....................-13-

Bell Atlantic Corporation v. Twombley, 550 U.S. 544. 570 (2007)....................-6-

Benham v. Aurora Loan Services, (2009) WL 2880232.*4....................-11-

Bly-Magee California, 236 F.3d 1014, 1019 (9th Cir. 2001)....................-14-

California Ins. Guarantee Assn. V. Superior Court, 231 Cal. App. 3d 1617, 1623 (1991)....................-7-

Carpenter v. Longan, 83 U.S. 271, 275, (1873)....................-10-

Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993)....................-6-

Clegg v. Cult Awareness Network, 18 F. 3d 752, 754, (9th Cir 1994)....................-5-

Cholla Ready Mix, Inc. Civish, 382 F.3d 969, 973 (9th Cir. 2004)....................-5-

Conley v. Gibson, 355 U.S. 41, 47 (1957)....................-6-

Dethlefsen v. Stull, 86 Cal. App. 2d 499, 501 (1948); Cal Civ. Code §45....................-15-

Dills v. Delira Corp., 145 Cal. App2d 124, 129 (1956)....................-13-

Emrich v. Touche Ross & Company, 846 F.2d. 1 190, 1198 (9th Cir. 1988)....................-6-

Gavina v. Smith, 25 Cal. 2d 501, 505-506 (1944)....................-16-

Gomes v. Countrywide Home Loans, Inc., 192 Cal. App.4th 1149, 1151 (2011)....................-11-

In re Kelly, 182 B.R. 255, 256 (9th Cir. BAP 1995)....................-9-

In re Turner, 204 B.R. 988, 992 (9th Cir. BAP 1997)....................-9-

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)....................-12-

Melaleuca, Inc. v. Clark, 66 Cal. App. 4th 1344 (1998)....................-15-

Marseglia v. JPMorgan Chase Bank, 750 F. Supp. 1171, 1178 (S.D. Cal. 2010)....................-15-

McElroy v. Chase Manhattan Mortgage Corp., 134 Cal.App.. 4th 388, 391-395 (2005)....................-16-

Moore v. Brewter. 96 F.3d 1240, 1245 (9th Cir. 1996)....................-14-

I.

<u>NL Industries. Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986)...........................................-5-

<u>Robbins v. Okla ex rel. Dep't of Human Servs</u>. 519 F.3d 1242m 1248 (10th Cir. 2008)..............-6-

<u>Sipe v. McKenna</u>, 88 Cal. App. 2d 1001, 1006 (1948)..................................................-16-

<u>Scott v. Solano County Health and Social Services Dept</u>., 459 F. Supp. 2d 959, 973 (E.D.) Cal. 2006)..............................................................................................................................-15-

<u>Shimpones v. Stickney</u>, 219 Cal. 637, 649 (1934).....................................................-16-

<u>Twombley</u>, 550 U.S. 544 (2007).............................................................................-6-

<u>United States v. Butner</u>, 440 U.S. 48 (1979)............................................................-8-

<u>Valley Forge Christina Coll. V. Am. United for Separation of Church and State</u>, 454 U.S. 464 (1982)...................................................................................................................-12-

<u>Vess v. Ciba-Greigy Corp., USA</u>. 317 F.3d. 1097, 1105-06 (9th Cir. 2003)................................-14-

<u>Warth v. Selden</u>, 422 U.S. 490 (1975)....................................................................-12-

**Statues**

11 U.S.C. §1641(g)..............................................................................................-16-

15 U.S.C. § 1640 (e)............................................................................................-14-

15 U.S.C. §1641 (g).........................................................................................-2,13-

Cal. Civ. Code §2936...........................................................................................-10-

California Commercial Code §3301............................................................................-8-

CCC § 1201 (21)(a)................................................................................................-8-

CCC § 3201.......................................................................................................-9-

Cal. Code Civ. Proc. §761.020............................................................................-15,16-

28 U.S.C. § 2201(a)..............................................................................................-7-

**Rules**

California Code 3-301..............................................................................................-2-

Fed R.Civ.P. 12(b)(6)............................................................................................-5-

Federal Rule of Civil Procedure 8 (a)(2)........................................................................-7-

Fed. R. Bankr P. 7009..........................................................................................-14-

Section 1325 (a)(4)...............................................................................................-4-

I.

-ii-

Rule 12 (b)(6)...................................................................................................................-6-

**Other**

Restatement (Third) of Property (Mortgages) §5.4................................................................-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-ii-

## I.

### SUMMARY OF ARGUMENT

Plaintiff's first and second claims for declaratory relief must be dismissed for failure to allege that an actual controversy exists between Plaintiff and Defendants regarding their legal rights under the Subject Loan. First, Citi qualifies as the Note Holder under California Commercial Code 3-301 and, thus, has standing to enforce the terms of the Note. Second, under California law, a transfer of the note secured by a deed of trust carries with the security interest and, thus, a recorded assignment of mortgage is not legally required to enforce the obligations of a note and mortgage. Even assuming *arguendo* that an assignment is necessary to enforce the obligations of a note and mortgage, the allegations Plaintiff raises with respect to MERS are not based on any cognizable legal claim and, therefore, cannot constitute the substantive basis for the claims for declaratory relief. Also, as Plaintiff is not a party to any trust agreement, he lacks standing to enforce any terms therein.

Plaintiff's claim for violation of Section 1641(g) fails as matter of law as FHLMC is under no obligation to comply with a statute enacted nearly three years after any purported liability would have arose. Moreover, any claim for liability against Citi under 15 U.S.C. §1641(g) is barred by the one year statute of limitations. Furthermore, Plaintiff's claims for fraud and libel are premised on the viability of Plaintiff's claim that MERS lacks standing and/or authority to assign any interest in the Deed of Trust. As Plaintiff's allegations that MERS lacks standing are not based upon any recognized legal theory, Plaintiff's claims for fraud and libel must be dismissed for failure to state claims upon which relief can be granted. Finally, Plaintiff's quiet title claim fails to state a claim upon which relief can be granted for failure to allege tender.

## II.

### STATEMENT OF FACTS

**A.    Plaintiff's Loan**

On or about January 23, 2006, Plaintiff and Sandra K. Smith executed a Note in favor of Reunion Mortgage, Inc. ("Lender") in the principal amount of $227,000.00. (*See* Complaint, p.4,

2404043.wpd

¶17, ll.8-10; Defendants' Request for Judicial Notice ("Req. for J.N."), **Exhibit A**).[1]

On or about January 23, 2006, Plaintiff and Sandra K. Smith executed a Deed of Trust encumbering the property located at 23 Pine Avenue, Mount Hermon, California 95041 ("Subject Property") and securing their obligations under the Note. (*See* Complaint, p. 4, ¶19, ll.14-16; Req. for J.N., **Exhibit B**). The Note and Deed of Trust are hereinafter collectively referred to as "Subject Loan."

Page 3 of the Deed of Trust state in relevant part:

> "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all those interests, including, but not limited to, the right to foreclosure and sell the Property..".

(*See* Req. for J.N., **Exhibit B**).

Subsequently, Lender's interest in the Subject Loan was assigned and transferred to Citi as evidenced by the specially indorsed Note and Assignment of Deed of Trust. (*See* Req. for J.N., **Exhibits A and C**). As the note holder, Citi is entitled to enforce the terms of the Subject Loan.

As a result of Plaintiff's default under the Subject Loan, on or about November 17, 2009, a Notice of Default reflecting that Plaintiff's obligations under the Subject Loan were delinquent in the amount of $21,665.31 was recorded in the Official Records of Santa Cruz County, California. (*See* Req. for J.N., **Exhibit D**).

**B.    Status Plaintiff's Bankruptcy Case**

On March 10, 2010, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code and was assigned case number 10-52330.  (*See* Req. for J.N., **Exhibit E**).

---

[1]    Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of adjudicative facts, which are "either (1)generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Federal Rule of Evidence 201(b).  Notably, the court may "take judicial notice of facts that are a matter of public record."Hefner v. Chao, Civil No. 08cv1586 (BLM), 2009 WL 2485754, *1 (S.D. Cal. August 11, 2009); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).  In addition, the court may take judicial notice of documents whose contents are alleged in a pleading and whose authenticity no party questions. *See e.g.* Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1993).

2404043.wpd

On April 23, 2010, Plaintiff filed a Chapter 13 Plan ("Plan") which proposed to surrender the Subject Property. (*See* Req. for J.N., **Exhibit F**).

On May 3, 2010, the Chapter 13 Trustee ("Trustee") filed an Objection to Confirmation of Plan asserting that as a result of Plaintiff's failure to file the requisite schedules and provide information, the Trustee is unable to adequately investigate the financial affairs of Plaintiff or recommend confirmation. (*See* Req. for J.N., **Exhibit G**).

On July 6, 2010, the Trustee filed an Amended Objection to Confirmation of Plan wherein she objected to the feasibility of the Plan and stated that the Plan appeared to be in violation of Section 1325(a)(4) of the Bankruptcy Code as the unsecured creditors would receive more in a Chapter 7 liquidation proceeding. (*See* Req. for J.N., **Exhibit H**).

On November 2, 2010, Plaintiff filed an Amended Chapter 13 Plan ("Amended Plan") which failed to make any provisions for payment to Citi on its pre-petition arrearages or on-going post-petition payments.(*See* Req. for J.N., **Exhibit I**).

On January 6, 2011, the Trustee filed an Objection to Confirmation of the Amended Plan again raising issues with Plaintiff's failure to provide necessary information to allow the Trustee to adequately investigate Plaintiff's financial affairs, the feasibility of the Amended Plan as it appeared to violate Section 1325(a)(4) of the Bankruptcy Code, and requested clarification of Plaintiff's treatment of Citi's claim as it appeared to be secured claim. (*See* Req. for J.N., **Exhibit J**).

On February 14, 2011, Plaintiff's Chapter 13 case was converted to a Chapter 11 case. (*See* Req. for J.N., **Exhibit E**).

**C.    Citi's Motion for Relief**

On or about June 15, 2010, Citi filed a Motion for Relief (subsequently amended to request co-debtor stay relief) to enforce its state law remedies with respect to the Subject Property. (*See* Req. for J.N., **Exhibit K**).

On July 27, 2010, Plaintiff filed an opposition to the Motion for Relief asserting that Citi and MERS lacked standing to enforce the Subject Loan. (*See* Req. for J.N., **Exhibit L**).

At the court's request, on September 16, 2010, Citi filed a Supplemental Declaration of Travis J. Lillie in support of the Motion for Relief declaring that Pite Duncan received from Citi the

-4-

original "blue ink" documents included the Note signed and initialed by Plaintiff and Sandra K. Smith at the time of loan origination. (*See* Req. for J.N., **Exhibit M**).

At the hearing on November 3, 2010, the court continued the hearing on the Motion to February 7, 2011 and ordered Citi to file a brief and declaration as to Citi's relationship with the owner of the Note. (*See* Req. for J.N., **Exhibit E**).

On February 4, 2011, Citi filed its Reply to Plaintiff's Opposition briefing for the court Cit's relationship to the owner of the Note and Citi's standing as the note holder under California Commercial Code to enforce the terms of the Subject Loan. (*See* Req. for J.N., **Exhibit N**).

On or about March 9, 2011, Citi's Motion for Relief came before the court, at which time the court held that Citi had a colorable claim for standing to pursue the Motion for Relief and granted an adequate protection order in favor of Citi. (*See* Req. for J.N., **Exhibit E**).

On April 13, 2011, Plaintiff commenced this instant adversary proceeding by filing a Complaint to Determine the Nature, Extent and Validity of Lien and to Disallow Secured Claim, TILA Violation, Fraud, Libel, Quiet Title, and Injunctive Relief.

**III.**

**ARGUMENT**

**A.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED**

**1.   Legal Standard**

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court passes on the legal sufficiency of the plaintiff's statement of claim. The motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).   "However, the court is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (*quoting* Clegg v. Cult Awareness Network, 18 F. 3d 752, 754 (9th Cir. 1994)).   The court

2404043.wpd

may properly look beyond the complaint only to items in the record of the case or to matters of general public record. Emrich v. Touche Ross & Company, 846 F.2d 1 190, 1198 (9th Cir. 1988). Dismissal under Rule 12(b)(6) for failure to state a claim is proper where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Federal Rule of Civil Procedure 12 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

In 2007, the United States Supreme Court refined the standard for dismissals under Rule 12(b)(6), ruling that a complaint must contain enough factual allegations to state a claim that is "plausible on its face." Bell Atlantic Corporation v. Twombley, 550 U.S. 544, 570 (2007). In Twombley, the plaintiffs represented a putative class and alleged that telephone companies had violated the Sherman Act by conspiring to restrain trade. Twombley, 550 U.S. 544 (2007). The Supreme Court dismissed the claims, holding that plaintiffs did not provide sufficient factual allegations of circumstances pointing toward the alleged conspiracy. Id. at 545.

The court's decision in Twombley is based upon two principles. Ashcroft v. Iqbal, 129 S.Ct. at 1949. First, because a court must accept as true all of the allegations contained in the complaint, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. (citing Twombley, at 555). Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 1950 (citing Twombley, at 556). Courts following this standard have ruled that this "plausibility" requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." See e.g. Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1248 (10th Cir. 2008). Thus, a complaint must allege sufficient facts to provide "the defendant fair notice of what the ...claim is and the grounds upon which it rests." Twombly, at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Although the pleading standard of Federal Rule of Civil Procedure 8(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008, does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading that offers labels

-6-

2404043.wpd

and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. Id. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570 (emphasis added). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557. Ultimately, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "shown"-"that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (*citing* Fed. R. Civ. Proc. 8(a)(2)).

### 2. Plaintiff's First and Second Claims for Declaratory Relief Fail to State Claims Upon Which Relief Can Be Granted

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in relevant part: "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not such further relief is or could be sought." 28 U.S.C. § 2201(a). The court can refuse to issue a judicial declaration in a case in which a judicial determination or declaration is unnecessary or improper. Thus, an essential element of a cause of action for declaratory relief is that the parties have rights or duties with respect to property, and the existence of an actual and present controversy must be pleaded with specificity. Alturas v. Gloster, 16 Cal.2d 46, 48 (1940). Moreover, declaratory relief will not lie to determine an issue which is already subject to another claim. California Ins. Guarantee Assn. v. Superior Court, 231 Cal. App. 3d 1617, 1623 (1991).

Although pleaded as two separate causes of action, Plaintiff's first and second claims for declaratory relief, in essence, seek a determination of Defendants' interest in the Subject Property as a secured creditor. Both claims are premised on the following allegations: Plaintiff executed a

-7-

Note and Deed of Trust in favor of Lender. (*See* Complaint, p.4, ¶17, ll.8-10; Req. for J.N., **Exhibit A)** Although the Lender's interest in the Subject Loan was allegedly sold to FHLMC on or about March 1, 2006, Plaintiff asserts that on or about January 19, 2010, MERS executed an Assignment of Deed of Trust assigning its interest in the Subject Loan to Citi. (*See* Complaint, p.4, ¶20, ll.17-23). Plaintiff alleges that the assignment by MERS to Citi was done with the sole purpose to wrongfully foreclose on the Subject Property and was fraudulent as MERS had no interest in the Subject Loan to assign. (*See* Complaint, p.4, ll.27-28; p.5, ¶23, ll.3-4). Accordingly, Plaintiff asserts that Citi's claim against the Subject Property is entirely unsecured and that he holds an interest in Subject Property free and clear of any interest of Defendants on the basis that the Assignment of Deed of Trust has no value. (*See* Complaint, p.5, ¶23; p.6, ¶28-30; p.11, ¶2). Although the Complaint alleges various purported fraudulent transactions by and between the Defendants, on the face of the Complaint, Plaintiff fails to allege any facts from which the court may assume that an actual controversy exists ***between*** the Plaintiff and Defendants regarding their legal rights under the Subject Loan.

> **a.** **Citi Qualifies as the Note Holder under California Commercial Code and Has Standing to Enforce the Note**

In bankruptcy proceedings, state substantive law controls the rights of note and lienholders. See United States v. Butner, 440 U.S. 48 (1979). Accordingly, in order to determine whether Citi has standing to enforce the Note in this case, the court must look to the California Commercial Code ("CCC"), which is the substantive state law governing negotiable instruments.

CCC § 3301 provides in pertinent part:

> [The] [p]erson entitled to enforce an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. (emphasis added).

CCC § 1201(21)(a) defines "Holder" as the "person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession..." (emphasis added).

In this case, the Note was originally made payable to the order of Reunion Mortgage, Inc.

-8-

The payee of an instrument may negotiate it by indorsing it and delivering it to another person, who then becomes its holder. (*See* Cal. Com. C. § 3201). CCC § 3201 provides in pertinent part:

> (a)     "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

> (b)     Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. (emphasis added).

Since the Note was made payable to the order of Reunion Mortgage, Inc., an identified party, in order to negotiate the Note, Reunion Mortgage, Inc. was required to: (1) transfer possession of the Note; and (2) indorse the Note to the transferee or in blank. Subsequent to the Plaintiff's execution of the Note, Reunion Mortgage, Inc. negotiated the Note by indorsing the Note specifically to Citi (*See* Req. for J.N., **Exhibit A**). Accordingly, Citi qualifies as the Note holder with standing to enforce the Note under California law.

Moreover, the court has already requested that the parties brief the issue of Citi's standing to assert a claim in Plaintiff's bankruptcy case and determined that Citi has a colorable claim for standing. (*See* Req. for J.N, **Exhibit O**). Citi requests that the court take judicial notice of the Supplemental Declaration filed by Travis J. Lillie declaring to the receipt of the original "blue ink" documents included the Note signed and initialed by Plaintiff and Sandra K. Smith and subsequently specially indorsed to Citi. (*See* Req. for J.N., **Exhibit N**). The doctrine of collateral estoppel precludes an issue from relitigation if the following elements, which are the same under California and federal law, are met: (1) the issue sought to be precluded is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. In re Turner, 204 B.R. 988, 992 (9th Cir. BAP 1997); In re Kelly, 182 B.R. 255, 256 (9th Cir. BAP 1995). Plaintiff's claims for declaratory relief as to Defendants' interest in the Subject Property and a determination as to the status of Citi's claim were litigated and decided, final and on the merits, within the context of Cit's Motion for Relief. Accordingly, the court held

that Citi had a colorable claim for standing and ordered Plaintiff to make adequate protection payments to Citi.   (*See* Req. for J.N, **Exhibit N**).  Moreover, Plaintiff did not attempt to appeal the court's decision within the requisite time frame nor did he file a motion to reconsider the Order. Thus, Plaintiff is precluded from relitigating these same issues in the present adversary proceeding.

**b.    The Beneficial Interest in the Deed of Trust Necessarily Follows the Note**

It is well established that the transfer of a note secured by a deed of trust carries with it the security, without any formal assignment or delivery, or even mention of the latter. Carpenter v. Longan, 83 U.S. 271, 275 (1873).  In fact, California codified this principle in Cal. Civ. Code § 2936, which provides that "[t]he assignment of a debt secured by a mortgage carries with it the security."  It follows that "a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation that the mortgage secures."  Restatement (Third) of Property (Mortgages) § 5.4 (*citing* Carpenter v. Longan). Indeed, a recorded assignment of mortgage is not legally required to enforce the obligations of a note and mortgage.  Restatement (Third) of Property: Mortgages § 5.4 (1997) specifically states:

> (a)    A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise;
>
> (b)    Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise;
>
> (c)    A mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures.

In this case, the Note is the obligation that is secured by the Deed of Trust.  Pursuant to Supreme Court precedent and California law, any transfer of the Note necessarily carries with it the security, without the need for any formal assignment.  As previously discussed, Citi qualifies as the Note holder with standing to enforce the Note.  Thus, Citi is the party entitled to enforce the Deed of Trust, regardless of whether there was a valid assignment of the Deed of Trust.

**c.    Plaintiff's MERS Argument Lacks Merit**

To the extent that Plaintiff is arguing MERS does not have standing, such argument lacks merit.  The Plaintiff admits he signed a Deed of Trust that names MERS as the beneficiary (as "nominee for the lender and its successors and assigns).  Pursuant to the Deed of Trust,  the Plaintiff

-10-

assigned his right, title, and interest in the property to MERS. The Plaintiff also contractually agreed that, in the event of default, MERS is the proper party to foreclosure on the home. The Deed of Trust was recorded in the public, local land records with MERS as the named beneficiary. When the Note was sold by the original lender to others, the sale of the note was tracked on the MERS system. As long as the sale of the notes involves a MERS member, MERS remains the named mortgagee of record and continues to act as a nominee for the new noteholder.

Case law, applying California law, confirms this point. As stated in <u>Benham v. Aurora Loan Services,</u> (2009) WL 2880232, *4, "While it is not clear which of these allegations apply specifically to MERS, Plaintiff seems to be alleging that MERS breached the implied covenant by participating in the foreclosure of her property. However, MERS held legal title to the interests granted by Plaintiff in the Deed of Trust, and had the right to foreclosure and sell the property if Plaintiff defaulted on her loan. (*See* Req. for J.N., **Exhibit B**). This issue was again recently addressed in <u>Gomes v. Countrywide Home Loans, Inc.</u>, 192 Cal.App.4th 1149, 1151 (2011). The Plaintiff in <u>Gomes</u> attempted to challenge MERS's ability to foreclose on his property on the basis that the identity of the beneficial owner of his note was unknown and that MERS did not have authority to initiate foreclosure action because the current owner did not authorize MERS to proceed with foreclosure. <u>Gomes</u>, 192 Cal.App.4th at 1152. Since California Civil Code provides a comprehensive framework for the regulation of nonjudicial foreclosures, the court held that a borrower may not bring an action to determine whether the owner of a note has authorized the nonjudicial foreclosure. <u>Id</u>. at 1154. In deciding this issue, the court also noted the role of MERS in the transaction. Specifically, the court noted that "[l]enders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investor without having to record the transaction in the public record." The court acknowledged that "[a] side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system." <u>Id</u>. at 1151.

In this case MERS acted properly and Plaintiff contracted to allow MERS to act as it did. Accordingly, Plaintiff's claims that MERS had no interest in the Subject Loan and the Assignment of Deed of Trust is fraudulent are wholly without merit.

2404043.wpd

**d.**  **Plaintiff is not a party to any trust Agreement and therefore lacks standing the enforce or challenge the validity of the terms and provisions therein**

Although unclear on the face of the Complaint, Plaintiff appears to take issue with Defendants' alleged failure to transfer the Note into the trust in accordance with IRS REMIC Code. (*See* Complaint, p.3 ¶10, ll.23-26; p.5, ¶23, ll.8-10 ). Other than conclusorily alleging that the Note and Deed of Trust must have been conveyed into the REMIC trust, Plaintiff does not claim to be a party to the transaction leading up to the formation of the trust. In fact, Plaintiff asserts that "[t]he Trust participants have executed Trust Agreements..." (*See* Complaint, p.7, ¶37, ll.27). For the Plaintiff to be able seek redress of any violations of the trust agreement, the Plaintiff must establish that he is either a party to the contractual obligation (which he is not) or that he otherwise has standing (constitutional and prudential) to enforce the terms of the trust agreement. Constitutional standing, at a minimum, requires that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. Valley Forge Christian Coll. V. Am. United for Separation of Church and State, 454 U.S. 464 (1982); *see also* Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The prudential limitations on standing comprise the other component of constitutional standing with the additional requirement that the party seeking redress assert their own rights rather than relying on the rights or interests of a third party. Warth v. Selden, 422 U.S. 490 (1975).

The Plaintiff asserts that Defendants defrauded the investors of the trust by failing to transfer the Note into the trust in accordance with the IRS regulations for the REMIC trust. (*See* Complaint, p.3, ¶13, ll.24-26). Plaintiff further claims that no assignment of Plaintiff's Deed of Trust by the cut off date of June 1, 2006 into any Freddie Mac pool exists . (*See* Complaint, p.5, ¶24, ll.11-13). Even if the court were to take Plaintiff's allegations as true and determine that the Note and Assignment of Deed of Trust are not part of the trust, nowhere in the Complaint does Plaintiff state how *he* is, or will be, harmed by their exclusion from the trust. If any party is harmed it would be the investors and the trust participants who executed the trust agreement. As the Plaintiff is not a party to the trust agreement, Plaintiff has failed to meet his burden that he has standing to enforce

-12-

the trust agreement.

    **e.**    **Plaintiff's Complaint fails to assert any substantive claim to support his request for Declaratory relief**

Lastly, declaratory relief is not an independent cause of action but instead a form of equitable remedy. *See* Batt v. City and Cty of San Francisco, 155 Cal. App. 4th 65, 82 (2007); *see also* Dills v. Delira Corp., 145 Cal. App.2d 124, 129 (1956) (equitable remedies are "dependent upon a substantive basis for liability, [and] they have no separate viability" if all the [p]laintiff's other claims fail). Where no other substantive basis for liability exists as previously discussed, Plaintiff's first and second claims for declaratory relief fail and must be dismissed.

    **3.**    **Plaintiff's Third Claim for Relief for Violation of 15 U.S.C. §1641(g) Fails as a Matter of Law**

Plaintiff also attempts to assert a violation of Section 404(a) of the Helping Families Save Their Home Act of 2009 ("Act"). Section 404 amends the Truth-in-Lending Act ("TILA") by adding a new subsection 131(g) to 15 U.S.C. §1641. As amended, Section 1641(g) states as follows:

(g) Notice of new creditor

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debtor is recorded; and
(E) any other relevant information regarding the new creditor.

*See* 15 U.S.C. §1641(g).[2] The notification requirement is triggered only when the mortgage loan is sold, transferred, or assigned, and even then, the creditor that is the new owner or assignee of the debtor is the party with the obligation to notify the borrower. Id. On its face, the Complaint alleges

---

[2]    Although the Act was enacted on May 20, 2009, compliance with Section 1641(g) was not mandatory until January 19, 2010.

2404043.wpd

that FHLMC became the new owner on March 1, 2006. (*See* Complaint, p. 13, ¶16, ll.19-20). Accordingly, FHLMC had no obligation to comply with Section 1641(g) which became effective nearly three years after FHLMC allegedly became owner of the Subject Loan. Although unclear on its face, at most, Plaintiff appears to assert that Citi became the assignee under the Assignment of Deed of Trust on January 19, 2010.[3] (*See* Complaint, p. 13, ¶16, ll. 20). Assuming that Citi as the assignee under the Assignment of Deed of Trust falls under the scope and purview of Section 1641(g), Plaintiff's claim is barred by the one year statute of limitations as the Complaint was filed on April 13, 2011. *See* 15 U.S.C. §1640(e) (generally lawsuits must be brought within one year of the occurrence of the TILA violation). Based on the foregoing, Plaintiff's claims for violation of 15 U.S.C. §1641(g) as to both FHLMC and Citi must be dismissed.

**4. Plaintiff's Fourth Claim for Fraud in Conveyance Fails to State a Claim Upon Which Relief Can Be Granted**

In order to prevail on a claim for fraud, the aggrieved party must prove the following elements: (1) a false representation; (2) knowledge of its falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damages. <u>Vess v. Ciba-Geigy Corp., USA</u>, 317 F.3d 1097, 1105-06 (9th Cir. 2003); <u>Moore v. Brewter</u>, 96 F.3d 1240, 1245 (9th Cir. 1996). Additionally, a fraud claim must be pled with particularity as required by Fed. R. Civ. P. 9, which is made applicable to adversary proceedings by Fed. R. Bankr. P. 7009. <u>*See generally*</u> Fed. R. Civ. P. 9(b). To satisfy the particularity requirement, the circumstances constituting the alleged fraud "must be 'specific enough' so that they can defend against the charge and not just deny that they have done anything wrong." <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001).

Plaintiff's claim for fraud is premised on the purported fraudulent conveyance of the Assignment of Deed of Trust from MERS to Citi on the grounds that MERS did no have any interest in the Subject Loan to assign to Citi. Aside from conclusorily asserting that MERS fraudulently acted as nominee for the original Lender, Plaintiff cannot assert a legal basis for the allegation that MERS lacks such authority, especially in light of the fact that Plaintiff's Deed of Trust specifically

---

[3]     The Assignment of Deed of Trust was executed on October 5, 2009 and recorded in the Official Records of Santa Cruz County on January 19, 2010. Plaintiff's claim for violation of 15 U.S.C. 1641(g) is barred by the one year statute of limitations regardless of whichever date is used to trigger any purported liability.

2404043.wpd

states that he "understands and agrees that MERS...has the right: to exercise any or all of those interest, including, but not limited to, the right to foreclose and sell the Property..." (*See* Req. for J.N., **Exhibit B**). Where Plaintiff's claim for fraud is premised in the viability of his claim that MERS lacks standing to assert any claim against the Subject Property, Plaintiff's claim fails to state a claim upon which relief can be granted.

### 5. Plaintiff's Fifth Claim for Libel Fails to State a Claim Upon Which Relief Can Be Granted for Failure to Prove a False Statement of Fact

"Libel" is defined as a false and unprivileged publication by writing which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has tendency to injure him in his occupation. Dethlefsen v. Stull, 86 Cal.App.2d 499, 501 (1948); Cal Civ. Code §45. Under California law, the elements of a libel claim are: (1) the intentional publication of a fact; (2) that is false; (c) unprivileged; and (4) has a natural tendency to injure or cause special damage. Scott v. Solano County Health and Social Services Dept., 459 F.Supp.2d 959, 973 (E.D. Cal. 2006); Marseglia v. JPMorgan Chase Bank, 750 F.Supp. 1171, 1178 (S.D. Cal. 2010). An essential element of a claim for libel is that the publication in questions must contain a false statement of fact. Melaleuca, Inc. v. Clark, 66 Cal. App.4th 1344 (1998).

Again, Plaintiff's claim for libel is based on the viability of his claim that MERS lacks standing to claim any interest in the Subject Property. As Plaintiff's assertion that the Assignment of Deed of Trust is fraudulent in that MERS has no pecuniary interest in the Subject Loan, is not premised on any legally recognized claim, Plaintiff's claim for libel must be dismissed for failure to state a claim upon which relief can be granted.

### 6. Plaintiff's Sixth Claim for Quiet Title Fails to State a Claim upon Which Relief Can Be Granted for Failure to Allege Tender

Cal. Code Civ. Proc. §761.020 sets forth the pleading requirements for quiet title action. A Complaint for quiet title must: (1) be verified; (2) describe the property that is the subject to the action; (3) state the title of the plaintiff as to which a determination is sought; (4) state the adverse claims against which a determination is sought; (5) state the date as of which the determination is sought; and (6) contain a prayer for the determination of the title of the plaintiff against the adverse

2404043.wpd
Case: 11-05107   Doc# 8   Filed: 05/16/11   Entered: 05/16/11 13:40:20   Page 19 of 21

claims.  *See* Cal. Code Civ. Proc. §761.020.  In addition, California law requires that a party seeking to quiet title must tender the full amount of the underlying indebtedness.  "It is settled in California that a mortgagor cannot quiet title against the mortgagee without paying the debt secured."  Shimpones v. Stickney, 219 Cal. 637, 649 (1934); *see also* Gavina v. Smith, 25 Cal.2d 501, 505-506 (1944); Sipe v. McKenna, 88 Cal.App.2d 1001, 1006 (1948) ("A party may not without payment of the debt...have his title quieted...").  Indeed, a complaint that does not allege such a tender does not state a claim.  McElroy v. Chase Manhattan Mortgage Corp., 134 Cal.App.4th 388, 391-395 (2005).  On its face the Plaintiff's unverified Complaint is devoid of any allegation that Plaintiff is able or willing to tender the underlying debt.  Based on the foregoing, the court must dismiss Plaintiff's claim for quiet title as a matter of law.

**IV.**

**<u>CONCLUSION</u>**

Plaintiff's claims for declaratory relief fail to state claims upon which relief can be granted as Plaintiff cannot allege the existence of an actual controversy between the parties regarding their respective legal interests under the Subject Loan,  Additionally, Plaintiff's claim against FHLMC for violation of Section 1641(g) of TILA must be dismissed where any purported liability would have arose prior to the enactment of the statutory provision.  Also, the claim for violation of 11 U.S.C. §1641(g) as to Citi is barred by the one year statute of limitations.  Plaintiff's claims for fraud and libel are premised on the viability of the theory that MERS lacks standing and/or authority to assign any interest in the Assignment of Deed of Trust to Citi.  However, as Plaintiff's theory regarding MERS's standing and/or authority to assign the Deed of Trust is not based on any recognized legal claim, Plaintiff's claims for fraud and libel must fail.  Lastly, Plaintiff has not and cannot allege tender in order to prevail on his claim for quiet title and, therefore, this claim must be dismissed.

2404043.wpd

1        WHEREFORE, Defendants request as follows:

2        1.    That the court grant the Motion to Dismiss in its entirety;

3        2.    That the court dismiss the Adversary Complaint in its entirety without leave to

4  amend;

5        3.    For reasonable attorneys' fees and costs;

6        4.    For all other relief the court deems just and reasonable.

7                   Respectfully submitted,

8  Dated:  May 16, 2011        PITE DUNCAN, LLP

9                 /s/ Ellen Cha

10             ELLEN CHA
                     Attorneys for Defendants CITIMORTGAGE, INC.

11             AND FEDERAL HOME LOAN MORTGAGE
                     CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-