FILED

JUN 28 2012

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330-ASW<br><br>Chapter 11 |
| DAVID RANDALL SMITH<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; all persons claiming by, through or under such person, all persons unknown, claiming any legal or equitable right, title, lien or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, Inclusive,<br><br>Defendants. | Adv. Proc. No. 11-05107 |

MEMORANDUM DECISION DENYING FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION FOR PROTECTIVE ORDER

Before the court is a motion by Defendant Federal Home Loan Mortgage Corporation, referred to by the parties as "Freddie Mac," seeking a protective order to prevent Plaintiff David Randall Smith

(hereafter "Mr. Smith") from taking the deposition of Susan Biller (hereafter "Ms. Biller") and obtaining discovery from Ms. Biller pursuant to a subpoena. Mr. Smith opposes the motion and requests an award of costs incurred in anticipation of the deposition. Having considered all the papers filed in support of and in opposition to the motion, the Court has determined that a hearing is not necessary and that the motion and request for costs are best decided by a written decision. For the reasons explained below, Freddie Mac's motion is denied, and Mr. Smith's request for costs is tentatively granted.

First, to provide some context, the Court will describe Mr. Smith's three claims which remain in this action after the Court dismissed three other claims. On April 4, 2011, Mr. Smith filed the instant adversary proceeding against Freddie Mac and Citimortgage, Inc., referred to by the parties as "Citi." Mr. Smith is seeking declaratory relief to determine the Defendants' respective interests in real property located at 23 Pine Avenue, Mount Hermon, CA (hereafter "the Property"); declaratory relief to determine the status of Citi's claim; and to quiet title.

The complaint asserts that the promissory note Mr. Smith executed when purchasing the Property was never endorsed, Citi did not provide consideration for the note, and the note was funded by an unknown third party. The complaint asserts that Reunion Mortgage, Inc. (hereafter "Reunion") represented to Mr. Smith that Reunion was the originator of the loan, but Reunion did not actually fund the loan. The complaint also alleges that Citi claims to have an interest in the loan. The Court noted, in denying the motion to dismiss as to the above listed causes of action, that if

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Case: 11-05107 Doc# 116 Filed: 06/28/12 Entered: 06/28/12 17:14:24 Page 2 of 9

taking the facts alleged in the complaint to be true, Citi's rights in the note would be derivative of Reunion's rights and would be subject to any defenses that could be asserted against Reunion. If Reunion did not fund the loan, then Reunion did not provide consideration for the loan, which could be a defense to enforcement of the loan.

On May 24, 2012, Freddie Mac moved for a protective order to prevent the May 30th deposition of Ms. Biller. This deposition had been noticed over three weeks earlier on May 1, 2012, and Mr. Smith's opposition states that Mr. Smith purchased a nonrefundable airline ticket to attend the deposition. According to Ms. Biller's late filed declaration, Ms. Biller is a Loan Servicing Professional for Freddie Mac. Mr. Smith's opposition states that Cal-Western Reconveyence, the substitute trustee in the foreclosure of Mr. Smith's property, produced documents to Mr. Smith that listed Ms. Biller as the sole contact with Cal-Western Reconveyance in the foreclosure action. Mr. Smith believes that Ms. Biller is likely to have knowledge about the trail of the note and whether Citi has a claim in the bankruptcy case.

The question under Fed. R. Civ. P. 26(b) is whether the deposition of Ms. Biller and the discovery Mr. Smith has subpoenaed are reasonably calculated to lead to the discovery of any admissible evidence for these claims. However, even evidence that is discoverable under Rule 26(b) can be protected under Rule 26(c), which provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

The Ninth Circuit has stated that the party opposing disclosure has the burden of showing that specific prejudice or harm will result if the protective order is not granted. Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop), 661 F.3d 417, 424 (9th Cir. 2011). Specifically, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Father M., 661 F.3d at 424 (quoting Backman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)).

Freddie Mac's motion recites much of the history of this case, but does very little to demonstrate how Freddie Mac will be harmed if Mr. Smith is allowed to depose Ms. Biller or obtain the discovery Mr. Smith seeks. The only harm which Freddie Mac identifies is that Freddie Mac desires to avoid spending unnecessary time and expense preparing for and attending Ms. Biller's deposition, which Freddie Mac believes will be directed at unsupportable legal theories. Yet, Freddie Mac does not actually dispute that Ms. Biller was listed as a contact for Cal-Western.

On June 27, 2012, just one day before this hearing, Freddie Mac filed a Declaration of Susan Biller in Support of Motion for Protective Order. This declaration was filed late and appears to be nothing more than a delay tactic. Nonetheless, the Court has considered the declaration and has determined that Ms. Biller does not attest to any facts that would indicate that deposing Ms. Biller is not reasonably calculated to lead to the discovery of admissible evidence. Notably, Ms. Biller's declaration says nothing about whether Ms. Biller has information concerning the foreclosure. Furthermore, the declaration states that Ms. Biller

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Case: 11-05107 Doc# 116 Filed: 06/28/12 Entered: 06/28/12 17:14:24 Page 4 of 9

does "not communicate directly with Cal-Western," but this statement does not necessarily indicate that Ms. Biller's deposition would not lead to the discovery of admissible evidence.

Spending time and expense to prepare for and defend a deposition that is reasonably calculated to lead to the discovery of admissible evidence is not unduly burdensome. Mr. Smith's desire to depose Ms. Biller is reasonably calculated to lead to the discovery of admissible evidence as Mr. Smith reasonably believes that Ms. Biller may have information concerning the trail of the note. Since Mr. Smith filed this adversary proceeding to determine Defendants' interest in the Property, evidence pertaining to the trail of the note is relevant and could potentially be admissible.

In addition, Freddie Mac objects to Mr. Smith's request for production of documents. Under Rule 34(b)(2), the party to whom the request is directed must either respond or object with particularity. "[U]nexplained and unsupported boilerplate objections are improper." Duran v. Cisco Systems, Inc., 258 F.R.D. 375, 379-80 (C.D. Cal. 2009). The Court has the discretion to deny a motion for protective order that is based on objections to the document requests for being overly broad, burdensome, oppressive, and irrelevant because such conclusory objections do not satisfy the burden of specifically explaining why the discovery requests are objectionable. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (discussing Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)). Furthermore, under Rule 26(b)(5), a party objecting to production of documents on the basis of privilege must "describe the nature of the documents, communications, or tangible things not produced or

Case: 11-05107 Doc# 116 Filed: 06/28/12 Entered: 06/28/12 17:14:24 Page 5 of 9

disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Freddie Mac's objection to the request for production of the loan file is overruled: the Court does not find the term "loan file" vague and ambiguous, and Freddie Mac's assertion that the request is "broad and unduly burdensome" is conclusory and improper.

The objection to production of the servicing contracts is likewise overruled because Freddie Mac's assertion that the request is irrelevant lacks sufficient specificity and is improper. Even if the objection were sufficiently specific, the real question is not whether the servicing contracts are themselves relevant to the claims, but whether the contracts might contain any information which could lead to the discovery of admissible evidence. Furthermore, Freddie Mac objects to production of the servicing contract based on privilege, yet Freddie Mac does not describe the nature of the specific documents for which a claim of privilege is asserted and, therefore, does not meet the requirements of Rule 26(b)(5).

As for the Cal-Western documents and correspondence, which Freddie Mac says would be cumulative or duplicative of discovery produced by Cal-Western, the court agrees with Mr. Smith that Freddie Mac's records do not necessarily contain the same information or documents that Cal-Western produced. Freddie Mac's records concerning Cal-Western could lead to the discovery of admissible evidence; hence, the objection is overruled.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Case: 11-05107 Doc# 116 Filed: 06/28/12 Entered: 06/28/12 17:14:24 Page 6 of 9

Likewise, Freddie Mac's objection to producing copies of records documenting the investment history of Mr. Smith's loan is overruled. The Court finds the request comprehensible and reasonably calculated to lead to the discovery of admissible evidence. Additionally, Freddie Mac again fails to follow the requirements for objections based on privilege under Rule 26(b)(5).

For the foregoing reasons, the Motion for Protective Order is denied. Mr. Smith may proceed with the deposition of Ms. Biller, and Freddie Mac must produce the documents which Mr. Smith subpoenaed. The parties shall meet and confer to schedule Ms. Biller's deposition at a time convenient to Mr. Smith within the next 45 days.

The Court now turns to Mr. Smith's request for an award of costs for a nonrefundable airline ticket that Mr. Smith purchased. Freddie Mac believes the ticket was purchased for the previous deposition of Ms. Biller that was defectively noticed. The Court disagrees given that the Court quashed the subpoena for the previous deposition on April 24, 2012, and Mr. Smith states in Mr. Smith's opposition to Freddie Mac's motion that Mr. Smith purchased this ticket 6 days later on April 30, 2012, just one day **before** noticing the May 30th deposition. Although Mr. Smith is entitled to actual costs because the May 30th deposition was properly noticed and Freddie Mac's motion for protective order is denied, Mr. Smith did not submit a sworn declaration stating that the ticket in question was purchased for the May 30th deposition, that the ticket was nonrefundable, or that the ticket cannot be used at a later time if Ms. Biller's deposition is rescheduled. Mr. Smith's assertion in Mr. Smith's opposition that the ticket was

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Case: 11-05107 Doc# 116 Filed: 06/28/12 Entered: 06/28/12 17:14:24 Page 7 of 9

nonrefunable is not competent evidence to support an award of costs.

For the foregoing reasons, Mr. Smith's request for an award of the cost of the airline ticket is tentatively granted. In order to receive the award of costs, Mr. Smith must, within 15 days from the date of this hearing, submit a declaration, under oath, which should explicitly state why Mr. Smith purchased the ticket, the destination of the flight, the cost of the ticket, whether or not the ticket was refundable, whether Mr. Smith can use the ticket for a flight to a rescheduled deposition or for another flight at a different time, and whether Mr. Smith incurred any other costs as a result of the Motion for Protective Order to prevent the May 30th deposition. Mr. Smith must also prepare, serve and submit to the Court a proposed order granting costs.

IT IS SO ORDERED.

Dated: 6\28\12

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Case: 11-05107 Doc# 116 Filed: 06/28/12 Entered: 06/28/12 17:14:24 Page 8 of 9

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Court Service List

David Randall Smith
P.O. Box 436
Mt. Hermon, CA 95041

Ellen Cha
Pite Duncan LLP
4375 Jutland Drive #200
San Diego, CA 92117

Case: 11-05107 Doc# 116 Filed: 06/28/12 Entered: 06/28/12 17:14:24 Page 9 of 9