David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Defendants*
CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>Adv. Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, inclusive,<br><br>Defendants. | **DEFENDANTS CITIMORTGAGE, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>**Hearing**:<br>Date: May 30, 2013<br>Time: 3:00 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

Defendants CitiMortgage, Inc. ("Citi") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (herein after collectively, the "Defendants") respectfully submit their Opposition to Plaintiff's Motion to Compel Discovery Responses ("Motion").

# I. INTRODUCTION

Plaintiff, David Randall Smith ("Plaintiff"), brings this instant Motion, pursuant to Federal Rule of Civil Procedure 37, to compel discovery of records revealed during the deposition of Freddie Mac. The Motion must be denied on the grounds that Plaintiff has failed to comply with Rule 37. Additionally, the Motion must be denied as Plaintiff has failed to meet his burden under Rule 26(b) and Local Bankruptcy Rules governing motions to compel.

# II. ARGUMENT

## A. PLAINTIFF'S MOTION TO COMPEL IS PROCEDURALLY DEFECTIVE AND MUST BE DENIED IN ITS ENTIRETY

The meet and confer requirements under the Federal and Local Rules are threshold requirements that must be met prior to bringing a motion to compel. Plaintiff's motion is completely devoid of any evidence that the meet and confer requirements have been met. Further, Plaintiff fails to meet his burden under Rule 26(b). As more fully explained below, Plaintiff's motion must be denied in its entirety.

### 1. Plaintiff's Motion Fails to Comply with Fed. R. Civ. P. 37.

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part:

(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY

(1) In General. On notice to other parties and all affected person, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See* Fed. R. Civ. P. 37(a)(1). Federal Rules of Civil Procedure 37 is made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7037. Rule 37 specifically requires that a motion to compel discovery include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court intervention. *Id*; *In re Sanchez*, 2008 WL 4155115 at *1 (Bankr. E.D. Cal. 2008); *Limitiaco v. Auction Cars.com, LLC*, 2012 WL 5179708 at *2 (D. Nev. 2012); *In re Lane*, 302 B.R. 75, 78 (Bankr. D. Idaho 2003). The certification requirement was

more fully described in *Shuffle Master v. Progressive Games*, 170 F.R.D. 166 (D.Nev. 1996) as follows:

> [T]wo components are necessary to constitute a facially valid motion to compel. First is the actual certification document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the performance, which is also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be considered.

*Shuffle Master v. Progressive Games*, 170 F.R.D. 166 (D.Nev. 1996) (emphasis omitted). The court in *Shuffle Master* elaborated further stating that the "moving party must include more than a cursory recitation that counsel have been 'unable to resolve the matter.'" *Shuffle Master*, 170 F.R.D. at 171. Instead, counsel must set forth essential facts sufficient to allow the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties. *Id* at 171. "[G]ood faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention but mandates that the parties genuinely attempt to resolve the discovery dispute through non-judicial means. *Id*. This meet and confer requirement was implemented to encourage litigants to resolve discovery disputes by informal means before filing a motion. *Id*.

On its face, Plaintiff's motion is defective for failure to meet the requirements of Rule 37. Although brought under Fed. R. Civ. P. 37, the motion wholly fails to comply with the requirements of the Rule, or meet its policy and purpose. The motion contains no such certification nor provides any legal authority as to why Plaintiff is exempt from complying with the requirements of Rule 37. Based on the foregoing, the Court must deny the motion in its entirety.

**2.  Plaintiff's Motion Fails to Comply with Local Bankruptcy Rules**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). On a motion to compel, the party seeking to compel discovery bears the initial burden

of showing that its discovery request satisfies the relevancy requirements of Rule 26(b)(1). *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995). If objections are made to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. *See e.g., In re Placencia*, 2012 WL 2161412 (Bankr. N.D. Cal. 2012) (initial burden on party seeking discovery to show why the party is entitled to discovery; that the discovery at least has some minimal relevance); *Howard v. Gradtillo*, 2011 WL 5903510, at *1 (E.D. Cal. 2011) (if defendant objects to a discovery request, burden is on plaintiff in his motion to compel to demonstrate why the objection is not justified); *Jones v. California Department of Corrections*, 2012 WL 2196112, at *1 (E.D. Cal. 2012) (if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified).

Similar to Rule 37 of the Federal Rules of Civil Procedure, Civil Local Rule 37.[1] also proscribes a meet and confer requirement before the court will hear a motion to compel. Rule 37-1 states:

> Rule 37-1. Procedures for Resolving Disputes
>
> (a) Conference Between Counsel Required. The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.

*See* Civil L.R. 37-1. Additionally, Civil Local Rule 37-2 proscribes the proper form of motions to compel. Rule 37-2 states as follows:

> Rule 37-2. Form of Motions to Compel
>
> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

*See* Civil L.R. 37-2. Accordingly, when bringing a motion to compel discovery, the moving party must inform the Court which discovery requests are the subject of his motion to compel

---

[1] Civil Local Rule 37 is made applicable to all bankruptcy cases and adversary proceedings by Local Bankruptcy Rule 1001-2.

and the response that is at issue and, for each disputed response, inform the Court why the information sought is relevant under Rule 26(b) and why the objections are not justified. *See e.g., Grabek v. Dickinson*, 2012 WL 113799 at *1 (E.D. Cal. 2012); *Womack v Virga*, 2011 WL 6703958, at *3 (E.D. Cal. 2011); *Mitchell v Felker*, 2010 WL 3835765, at *2 (E.D. Cal. 2010).

Plaintiff has not met his burden on his motion to compel under Civil L.R. 37. The motion is completely devoid of any evidence that the Plaintiff fulfilled the meet and confer requirement under Civil L.R. 37-1. Plaintiff argues that he conducted the deposition of Freddie Mac on March 19, 2013, at which time several categories of records were revealed that have not been disclosed. (Motion to Compel, [page:line] 2:5-7). However, Plaintiff's motion to compel does nothing more than list what category of records he claims were revealed at the deposition and argues that defendants should be compelled to produce the documents. Plaintiff's motion is procedurally defective because it does not provide Plaintiff's requests for discovery and fails to articulate whether the "revealed" information were even requested in connection with Freddie Mac's deposition. Additionally, Plaintiff's motion is procedurally defective because it fails to set forth the specific response in dispute and discuss why defendant's objections were inadequate. *See* James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3rd ed.) ("A motion to compel discovery or disclosure should both identify specifically the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the response adequate."). The motion is further defective because it fails to articulate why Plaintiff is entitled to the requested production by showing that the information sought is relevant under Rule 26(b)(1).

Without any indication of what precisely Plaintiff requested or without providing any explanation of why Plaintiff believes defendant's responses were incorrect, the court is forced to create arguments on behalf of the Plaintiff. Plaintiff's failure to comply with the rules is directly contravene to the purpose behind these rules which is to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of discovery disputes. *Nev. Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993) (quotations omitted). Although not completely clear to the defendants,

Plaintiff appears to be proceeding under the auspice of the court's previous blanket order for Freddie Mac to produce any and all documents related to the subject loan and, therefore, believes he is somehow exempt from complying with the Federal and Local Rules.

Plaintiff has failed to set forth any legal authority that he is exempt from following the rules of civil procedure. Generally, pro se representation does not excuse a party from complying with the Federal Rules of Civil Procedure or any other rules. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (citing *Jones v. Phipps*, 39 F.3d 158, 159 (7th Cir. 1994) and *Anderson v. Home Ins. Co*., 724 F.2d 82, 84 (8th Cir. 1983)). While courts may give pro se litigants some latitude, parties who choose to represent themselves are expected to follow the rules of the court in which they litigate. *Carter v. Comm'r*, 784 F.2d 1006, 1008-09 (9th Cir. 1986). Plaintiff has not met his burden on his motion to compel and thus, the motion must be denied in its entirety.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff's motion to compel must be denied in its entirety.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: May 16, 2013

/s/ *Ellen Cha*
ELLEN CHA
Attorneys for *Defendants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

- 5 -
CASE NO. 11-05107
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Case: 11-05107   Doc# 184   Filed: 05/16/13   Entered: 05/16/13 17:12:06   Page 6 of 6