DAVID RANDALL SMITH
P.O. Box 436
Mt. Hermon, Ca. 95041
(831) 234-8407
Debtor *pro se*

FILED
JAN 2 4 2014
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

In re

DAVID RANDALL SMITH

Case No. 10-52330-ASW

Chapter 11

**OBJECTION TO ORDER GRANTING MOTION FOR ORDER COMPELLING DAVID RANDALL SMITH TO APPEAR AT DEPOSITION AND DENYING DEBTOR'S MOTION TO QUASH AMENDED NOTICE OF DEPOSITON AND REQUEST FOR PRODUCTION OF DOCUMENTS**

DATE: January 16, 2014
TIME: 3:00 p.m.
CTRM: 3020
JUDGE: Hon. Arthur S. Weissbrodt

280 South 1st St. #3035
San Jose, CA 95113-3099

Petitioner, David R. Smith, objects to the Proposed Order Compelling David Randall Smith to Appear at Deposition and Denying Motion to Quash Amended Notice of Deposition and Request for Production of Documents. On January 16, 2014, the Court found that CitiMortgage had filed a Proof of Claim which is prima facia evidence of Standing "for now" (Court Transcript 3:18-20 **EXHIBIT "A"**).

Elsewhere, the Court's position has been that it has not determined Standing. Even if CitiMortgage maintained some temporary standing by virtue of its Proof of Claim, this is no

-1-

longer so. Petitioner filed an Objection to Proof of Claim along with the unendorsed Note attached to Claim 2-1. The Objection and evidence filed [Dck No. 349], extinguishes the prima facia validity of the claim and any possibility that CitiMortgage, Inc. can maintain Standing "for now" based on their Proof of Claim.

The Court should also consider that when counsel filed a Motion to Compel with Exparte Motion to Expedite Hearing on Dec 12, 2013, the court denied the request to order Petitioner to the Deposition and returned the Proposed Order "unsigned". If the Court was certain that its December 5, 2013 decision was an Order to attend a deposition, as counsel appears to argue, the Court could easily have signed the Order on December 13, 2013 rather than denying counsel's Motion on shortened notice. Petitioner understood by this action that the matter was not urgent and to be decided on the normal calendar.

In fact, Petitioner was not ordered to a deposition by the court on December 5, 2013, as counsel would like the Court to believe, and Petitioner has no obligation to respond to the "counsel" of attorney Paino and his interpretations of what occurred on an audio tape. Whereas the Court's comments that day indicated that CitiMortgage has provided evidence of Standing, the Court also stated "down the road, the Court will have to decide whether Citi and/or Freddie are proper lien holders". Based on the combined messages of the Court, Petitioner took a position against Mr. Paino's interpretation of whether the Court issued an Order compelling Smith to attend a deposition examination. And due to the fact that the Court is apparently relying on prima facia evidence of claim validity via the Proof of Claim 2-1, that is extinguished with Petitioner's Objection to Proof of Claim with the Claim's exhibit of unendorsed Note.

Petitioner does not contest that discovery may accompany a contested Motion, only that CitiMortgage or Freddie Mac are not "Parties in Interest" with a right move a Motion to Dismiss in the bankruptcy case.

Petitioner has taken the Court's decision to be mixed. On the one hand the Court has stated that Citi and Freddie have "Standing for this limited purpose", " the Proof of Claim is prima facie evidence of the validity of that claim for now, which establishes standing…"

On the other hand the Court stated it has not determined Standing and the Citi may not be a proper lien holder. Citing the Adversary Case on December 5, 2013, the Court stated that "Standing" is a key issue. For three years, Petitioner has objected to "Standing" in the bankruptcy case. In 2011, the Court granted Petitioners Motion for Reconsideration of an Adequate Protection Order eliminating post petition payments because of concerns that Citi was not Owner and Holder of the Note and therefore without Standing. So Petitioner has objected to Standing in the bankruptcy case and the Adversary Proceeding, the Court has questioned Standing on its own initiative due to evidence or the lack of evidence and ruled accordingly, but now the Court seems to impute a limited Standing by virtue of the Proof of Claim.

Petitioner further objects to what the Court considered to be a "billing statement" of fees. Exhibit "E" to the Paino Declaration is nothing more than a "Summary of Fees" with no evidence that Citi and Freddie were billed those amounts. The fees listed are not segregated indicating how much Citi was billed as to the amount paid by Freddie.

For the foregoing reasons, the Proposed Order and Sanctions should not issue.

Dated: January 22, 2014

David R. Smith
Petitioner, Pro se

```
 1                UNITED STATES BANKRUPTCY COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3                      (SAN JOSE DIVISION)
 4
 5  In re:
 6  DAVID RANDALL SMITH,              Case No. 10-52330-ASW
 7                                    Chapter 11
 8                                    San Jose, California
                                      January 16, 2014
 9                                    3:53 p.m.
            Debtor.
10  _____/
11
                       TRANSCRIPT OF PROCEEDINGS
12      a) MOTION TO COMPEL DAVID RANDALL SMITH TO APPEAR AT
              DEPOSITION FILED BY CITIMORTGAGE, INC.,
13           FEDERAL HOME LOAN MORTGAGE CORPORATION
                   b) OBJECTION FILED BY DEBTOR
14        c) MOTION TO QUASH SUBPOENA FILED BY DAVID SMITH
        d) MOTION TO QUASH AMENDED NOTICE OF DEPOSITION AND
15      REQUEST FOR PRODUCTION OF DOCUMENTS FILED BY DEBTOR
              e) OPPOSITION BY CREDITORS CITIMORTGAGE, INC.,
16           FEDERAL HOME LOAN MORTGAGE CORPORATION
17            BEFORE THE HONORABLE ARTHUR S. WEISSBRODT
                   UNITED STATES BANKRUPTCY JUDGE
18
19  APPEARANCES:
20
    For Citi Mortgage:          PITE DUNCAN, LLP
21                              BY: BRIAN A. PAINO, ESQ.
                                525 E. Main Street
22                              P.O. Box 12289
                                El Cajon, California 92022
23
                                (Appearing Telephonically)
24
25
```

EXHIBIT "A"

```
                                                                    3
 1                        P R O C E E D I N G S
 2   January 16, 2014                                     3:53 p.m
 3                               -oOo-
 4          THE COURT:  Okay.  Smith.  I have two matters.  I
 5   have No. 2, which is a motion to compel, and No. 4, which is
 6   a motion to quash.
 7          MR. SMITH:  David Smith, petitioner, pro se.
 8          THE COURT:  And counsel on the phone, Mr. Paino?
 9          MR. PAINO:  Good afternoon, Your Honor, Brian Paino
10   appearing on behalf of Citimortgage and Federal Home Loan
11   Mortgage Corporation.
12          THE COURT:  I know, Mr. Smith, that you think that
13   I have to find finally that they have standing in order to
14   make you do anything, but that's not my ruling, and you're
15   welcome to appeal it.  The Debtor objected to the deposition
16   notice on the sole ground that creditors lack standing and
17   said he wouldn't attend.  This creditor has properly filed a
18   Proof of Claim.  The Proof of Claim is prima facie evidence
19   of the validity of that claim for now, which establishes
20   standing and under the circumstances, you have to do this
21   discovery because I've ordered it.  Now, I'm not going to
22   sanction you yet because I think that there is some concern
23   about forcing you to pay money before I've finally
24   determined standing.
25          On the other hand, they haven't finished doing
```