ORIGINAL

FILED
JAN 2 4 2014
CLERK
United States Bankruptcy Court
San Jose, California

DAVID RANDALL SMITH
P.O. Box 436
Mt. Hermon, Ca. 95041
(831) 234-8407
Debtor *pro se*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH | Case No. 10-52330-ASW<br><br>Chapter 11<br><br>**OBJECTION TO PROPOSED ORDER DENYING DEBTOR'S MOTION TO QUASH SUBPOENA**<br><br>DATE: January 16, 2014<br>TIME: 3:00 p.m.<br>CTRM: 3020<br>JUDGE: Hon. Arthur S. Weissbrodt<br><br>280 South 1st St. #3035<br>San Jose, CA 95113-3099 |

    Petitioner, David R. Smith, objects to the Proposed Order Denying Debtor's Motion to Quash Subpoena. Petitioner has filed an Adversary Complaint to inquire into the Nature, Extent and Validity of Lien and an Objection to Proof of Claim in the bankruptcy case [Dkt 349]. The Court has not finally found that CitiMortgage is a creditor or a proper lien holder. Freddie Mac has not filed a Proof of Claim. Even if the Court determined that these entities have standing and are properly before the Court, Petitioner still would have no legal right under California law to "allow" CitiMortgage, Inc and/or Freddie Mac Home Loan Mortgage Corporation to inspect the premised leased by Petitioner's tenant at 23 Pine Ave, Mount Hermon, Ca. Tenants are entitled to quiet enjoyment of the premises in exchange for the rent they pay. The Landlord does not have the freedom to breach that right. The proper course of action is for "creditors" to subpoena

-1-

the tenant for inspection. The fact that the Court has ordered inspections of rented premises in the past is beside the point. There remains no legal foundation for compelling Petitioner to "allow" an inspection by unknown persons. Petitioner further objects to the Order denying the Motion to Quash. Even if Citi and/or Freddie were found to have standing to advance a Motion to Dismiss and propound discovery, the Subpoena signed by counsel on October 11, 2013 is defective because it orders Petitioner to allow entry to the property "*possessed or controlled by you*". Petitioner transferred possession and control of the property to a tenant by contract. Therefore the Motion to Quash should be granted.

Dated: January 22, 2014

David R. Smith

Petitioner, Pro se